UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ROBIN L. PEOPLES, | ) |
| Petitioner | ) ) ) |
| vs. | ) CAUSE NO. 3:98-CR-55(03) RM |
| UNITED STATES OF AMERICA | ) and Cause NO. 3:02-CV-704RM ) ) |
| Respondent | ) |

## OPINION AND ORDER

Before the court is Robin Peoples' FED. R. CIV. P. 59(e) motion to reconsider the court's order denying his motion for leave to file a *Hazel-Atlas* motion. In that order, the court determined the motion must be construed as a § 2255 petition under the Antiterrorism and Effective Death Penalty Act. *See* Order, January 19, 2010 [Doc. No. 346, 3:98-cr-55; Doc. No. 19, 3:02-cv-704]. Mr. Peoples says that construction is incorrect because his *Hazel-Atlas* motion is to reconsider the judgment denying his last § 2255 petition (Mr. Peoples has previously filed three such petitions) and that the motion should instead be treated akin to a FED. R. CIV. P. 60(b)(3) motion. He states that the judicial integrity of the last habeas proceeding is in question.

Mr. Peoples alleges that the AUSA committed massive fraud upon the court in its response to his last § 2255 motion by stating that Mr. Peoples twice robbed the National Bank of Detroit. Mr. Peoples had stipulated before trial to robbing

federally insured banks four times, including twice robbing the National Bank of Detroit. Mr. Peoples states that his Freedom of Information Act requests have shown that the bank did not have a branch in Elkhart. Mr. Peoples' claim suggests, without explicitly stating, that he actually robbed the NBD Bank in Elkhart, not the National Bank of Detroit. Even though his stipulation and trial occurred more than eleven years ago, Mr. Peoples doesn't indicate having ever disclaimed robbing the National Bank of Detroit.

The FDIC wrote to Mr. Peoples, "[o]ur historical branch records are limited, but do not show that National Bank of Detroit operated a branch in Elkhart, Indiana." Affidavit of Robin Peoples, February 1, 2010 [Doc. No. 347, Exhibit 1, 3:98-cr-55 RM; Doc. No. 20, Exhibit 1, 3:02-cv-704 RM]. The FDIC further informed Mr. Peoples that NBD Bank, which is headquartered in Elkhart, Indiana, is not the same bank as National Bank of Detroit. Id.

Assuming — and this is only an academic assumption — that Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238 (1944) applies, Mr. Peoples can't meet the very high burden required. Only clear and convincing evidence can justify granting such a motion. Ty Inc. v. Softbelly's, Inc., 517 F.3d 494, 498 (7th Cir. 2008); *see also* Herring v. United States, 424 F.3d 384, 386 (3rd Cir. 2005) (noting that a *Hazel-Atlas* motion is available only for "the most egregious misconduct directed to the court itself," and it "must be supported by clear, unequivocal and convincing evidence" (quoting In re Coordinated Pretrial Proceedings in Antibiotic Antitrust Actions, 538 F.2d 180, 195 (8th Cir. 1976))).

"Limited" records from the FDIC doesn't amount to clear and convincing evidence of massive fraud upon the court, especially in light of Mr. Peoples' pretrial admission to robbing federally insured banks four times, including twice robbing the National Bank of Detroit. Even if an error existed in the government's response to his last § 2255 petition, it is not "the most egregious misconduct" that *Hazel-Atlas* envisions.

As the court stated in its previous order:

> Mr. Peoples has filed multiple § 2255 petitions, and the court of appeals has warned Mr. Peoples that "that is enough." <u>Peoples v. United States</u>, No. 03-2774 (7th Cir. May 31, 2005) (unpublished opinion) [Doc. No. 332, 3:98-CR-55]. Mr. Peoples' allegations are serious, and are not taken lightly by this court: the court warns him, "that is enough."

Any further requests on this issue from Mr. Peoples will be summarily denied.

For the reasons stated, Mr. Peoples' motion to reconsider is DENIED [Doc. No. 347, 3:98-CR-55; Doc. No. 20, 3:02-CV-704].

SO ORDERED.

ENTERED:  February 17, 2010

/s/ Robert L. Miller, Jr.
Judge
United States District Court

cc: R. Peoples
    D. Schmid